IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARRY CLAYTON and ZELMA MAGBY                                    PLAINTIFFS

V.                              4:11CV0014 JMM

BATESVILLE CASKET COMPANY, INC.;
HUMPHREY FUNERAL SERVICE, INC.,
and/or JOHN DOES 1-50; JOHN DOES 51-100;
and JOHN DOES 100-150                                            DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' motion to remand. (Docket # 16). Plaintiffs' complaint was originally filed in the Circuit Court of Pope County, Arkansas on September 30, 2010 naming as Defendants Batesville Casket Company, Inc. ("Batesville"), Humphrey Funeral Service, Inc. ("Humphrey"), and John Does 1-150.

Plaintiffs, residents of Pope and Johnson Counties, Arkansas, filed this action against Batesville and Humphrey alleging causes of action arising from the purchase of a burial casket manufactured by Batesville. Batesville is a Delaware corporation with its principle place of business in Batesville, Indiana. Humphrey is an Arkansas corporation with its principle place of business in Russellville, Arkansas. Plaintiffs allege that the casket, purchased from Humphrey on or about August 5, 1996, was represented and warranted to be leak proof and completely resistant to air, water or other grave site elements. Plaintiffs contend that the casket was not leak proof or completely resistant to the entrance of air and water and did not provide the deceased the protection warranted.

1

Defendant Batesville filed its notice of removal on January 6, 2011, alleging that the Court has jurisdiction based upon diversity of citizenship. Defendants claim that Separate Defendant Humphrey was fraudulently joined. Plaintiffs have moved to remand.

The Eighth Circuit has held that when a state court case with non-diverse parties is removed to federal court, "the petitioner may avoid remand ... only by demonstrating that the non-diverse party was fraudulently joined." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir.2003). That court articulated the standard for determining fraudulent joinder as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.... However, if there is a "colorable" cause of action--that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.... [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Id.* at 810 (emphasis in original) (internal quotations omitted). The Court should "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id*. at 811. The standard outlined in *Filla* is less demanding than the standard in Fed. R. Civ. P. 12(b)(6). *Junk v. Terminix Intern., Co.*, 628 F.3d 439 (8th Cir. 2010). "Under the *Filla* standard 'the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.' In contrast, '[t]o survive a [Rule 12(b)(6) ] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 445, *citations omitted*.

The Court finds that a reasonable basis exists for predicting that liability might be imposed on Defendant Humphrey. Plaintiffs allege that they purchased a casket manufactured by

Batesville from Humphrey on August 5, 1996. The Complaint was filed more than 14 years later, on September 30, 2010. Plaintiffs further allege that in the year 2005 they, "learned that they may have been defrauded and/or warranties had been misrepresented to them by the Defendants at the time of the purchase." (Plaintiffs' Complaint ¶ 13). Plaintiffs state causes of action for Breach of Contract, Negligence, Breach of Warranty, Strict Products Liability, Tort of Outrage, Fraud and Constructive Fraud, violations of the "Funeral Rule, " violations of an Order of the Federal Trade Commission, Intentional and Negligent Misrepresentation, Fraudulent Inducement to Enter into a Contract, violation of the Arkansas Deceptive Trade Practices Act, Mutilation of a Corpse, and Civil Action as Victims of a Crime.

The limitations periods on these claims are at least three years, but no more than five years. Plaintiffs argue that the doctrine of fraudulent concealment applies creating a question of fact as to when the Plaintiffs became aware of the fraud. Plaintiffs admit that they became aware of the alleged misrepresentations and fraud in 2005. Resolving all facts and ambiguities in Plaintiffs favor as the Court must do in this analysis, the Court cannot state that all Plaintiffs causes of action are barred by the limitations periods. If fraudulent concealment precluded Plaintiffs from becoming aware of the alleged misrepresentations and fraud from the date of the purchase in 1996 to 2005 as alleged, the statute of limitations would begin running upon the discovery of the alleged fraud in 2005. Plaintiffs filed their action on September 30, 2010. Accordingly, Plaintiffs causes of action for breach of contract and deceptive trade practices against Defendant Humphrey, to which a five year limitations period applies, might be viable under Arkansas law if Plaintiffs discovery of the fraud occurred after September, 30, 2005. Even in situations where the sufficiency of a complaint against a non-diverse defendant is

questionable, " 'the better practice is ... not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.' " *Filla,* 336 F.3d at 811 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir.1977)). The Court cannot state that the Plaintiffs have no colorable claim against this defendant.

For the reasons stated, the Court finds that defendants have failed to carry their burden to establish subject matter jurisdiction and further finds that this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c). IT IS THEREFORE ORDERED that plaintiff's motion for remand (docket entry # 16) is GRANTED. This cause of action is hereby REMANDED to the Circuit Court of Pope County, Arkansas. The Clerk of the Court is directed to send this case file to the Clerk of the Pope County Circuit Court, forthwith.

IT IS SO ORDERED this 25th day of July, 2011.

James M. Moody
United States District Judge